IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

**FILED**

3:31 pm, 10/5/20
**U.S. Magistrate Judge**

NAUTICA ENTERTAINMENT, LLC,

Plaintiff,

vs.

ALLIED DEBT COLLECTION OF
VIRGINIA, LLC, *et al.*,

Defendants.

Case No.   2:19-CV-00174

Consolidated Case No. 2:20-cv-00024

---

## FINAL PRETRIAL ORDER

---

This matter was before the Court on September 29, 2020, at a Final Pretrial Conference held before Magistrate Judge Kelly H. Rankin, United States District Chief Magistrate Judge, pursuant to Fed. R. Civ. P. 16, LR 16.2, and the Order on Initial Pretrial Conference [ECF No. 22]. Brent R. Cohen, Dennis R. Rose and Eric B. Levasseur, appeared as counsel for Plaintiff Nautica Entertainment, LLC, and Jason M. Tangeman, appeared as counsel for Defendants Allied Debt Collection of Virginia, LLC, Robert W. Jennings, and Michael Zarrelli. Additionally, an informal conference call was held with Mr. Levasseur and Mr. Tangeman on October 5, 2020 surrounding some of the issues raised at the Final Pretrial Conference. The Court took the following action:

**A.**    **PARTIES AND JURISDICTION.**   Nautica Entertainment, LLC ("Plaintiff") is the plaintiff in this action.   The defendants are Allied Debt Collection of Virginia, LLC ("Allied"), Robert W. Jennings ("Jennings"), and Michael Zarrelli ("Zarrelli", and collectively, "Defendants").   This Court has diversity jurisdiction under 28 U.S.C. § 1332 and federal question

jurisdiction under 28 U.S.C. § 1331.   Diversity jurisdiction and venue are not disputed. Defendants dispute federal question jurisdiction.

B.      **GENERAL NATURE OF THE CLAIMS OF THE PARTIES.**

1.      *Plaintiff's Claims.*

This trial is before the Court on two consolidated cases.   Plaintiff's Complaint in 19-cv-174 asserts claims for breach of contract and accounting.   Plaintiff's Complaint in 20-cv-24 alleges claims for avoidance of transfer (11 U.S.C. § 550), fraudulent transfer (11 U.S.C. § 548), fraudulent conveyance (Wyom. Stat §§ 34-14-205, 206), breach of fiduciary duty, aiding and abetting, and civil conspiracy.

Both cases arise from a September 20, 2016 Assignment of Value for Limited Liability Claims (the "Assignment Agreement") through which non-party Blue Star Productions, LLC ("Blue Star") assigned certain tort claims against a number of entities (including Nautica) to Allied. The tort claims arose from a Kid Rock concert held during the 2016 Republican National Convention in Cleveland, Ohio.   On May 23, 2017, Allied commenced litigation against Nautica and others in Cuyahoga County, Ohio, seeking to enforce the tort claims it acquired from Blue Star (the "Ohio Action").

Within one year and twenty days after execution of the Assignment Agreement, Blue Star filed for Chapter 7 bankruptcy.   *See In re Blue Star Productions, LLC*, Case No. 17-20774, United States Bankruptcy Court, District of Wyoming (the "Bankruptcy Action").   With approval from the Bankruptcy Court, Plaintiff purchased from the Bankruptcy Estate all right, title, and interest of Blue Star in and under the Assignment Agreement, and all claims and causes of action of Blue Star against Allied, Jennings and/or Zarrelli.

In 2018, Allied settled with a defendant in the Ohio Action for an amount in excess of $50,000, triggering the terms of the Assignment Agreement. Plaintiff then filed suit against Allied, 19-cv-174, for breach of contract (Count I) and accounting (Count II), alleging that Allied failed to pay Plaintiff amounts due under the Assignment Agreement and that Plaintiff is entitled to an accounting of all amounts received or to be received by Allied on account of the claims.

Nautica then commenced an action in the United States District Court for the Northern District of Ohio against Allied, Zarrelli, and Jennings for fraudulent transfer, fraudulent conveyance, breach of fiduciary duty, aiding and abetting and civil conspiracy. That action was subsequently transferred to this Court, 20-cv-24, and ultimately consolidated with Case No. 19-cv-174.

2.    Defendants' *Defenses.*

Defendants legally and factually deny liability for all claims alleged in Plaintiff's Complaints and have asserted numerous defenses in response thereto, including that: (1) Plaintiff's interpretation of the Assignment Agreement is erroneous; (2) if the Assignment Agreement is held to be ambiguous then parol and other evidence resolves the ambiguity in favor of Defendants' interpretation; (3) a mutual mistake exists in the Assignment Agreement that should be reformed; specifically, that the Assignment Agreement provides merely a contingent right to payment in the amount of $10,000 to Blue Star; (4) Defendants fully performed under the Assignment Agreement; (5) the Bankruptcy Trustee waived any potential claim arising from the Assignment Agreement by accepting payment under the contract; (6) the Bankruptcy Trustee's acceptance of a $10,000 payment acted as an accord and satisfaction to any potential claims under the Assignment Agreement; (7) Plaintiff is judicially estopped from pursuing its claims and otherwise has unclean hands; and (8) the Court lacks subject matter jurisdiction to consider Plaintiff's federal bankruptcy

claims.

    **C.**    **UNCONTROVERTED FACTS.**  Attached hereto at <u>Appendix A</u> is the parties' joint stipulation of facts, which sets forth the uncontroverted facts as established by admissions in the pleadings, stipulations of counsel, or court decisions.

    **D.**    **CONTESTED ISSUES OF FACT.**  Attached hereto at <u>Appendix B</u> are the facts to which Plaintiff seeks to stipulate and Defendants do not.  <u>Appendix C</u> contains the facts to which Defendants seek to stipulate and Plaintiff does not.

    **E.**    **CONTESTED ISSUES OF LAW.**  The parties have not presently identified any issues of law above and beyond those briefed in the motion for summary judgment, opposition any replies thereto, and the motions in limine and oppositions thereto, all of which are incorporated herein by reference.

    **F.**    **EXHIBITS.**  The parties' proposed trial exhibits are identified and described on the Exhibit List attached hereto at <u>Amended Appendix D.</u>

        (1) Joint Exhibits – Marked with numerals;

        (2) Plaintiff's Exhibits – Marked with numerals; and

        (3) Defendants' Exhibits – Marked with letters.

The parties reserve the right to admit any exhibit listed/noticed by the opposing party and any documents produced in discovery that are necessary for rebuttal or impeachment.   The parties also reserve the right to admit any and all demonstrative exhibits used at trial and any documents produced in discovery after September 20, 2020.

Five (5) business days prior to trial, each party will furnish the court reporter at Jan Davis Jan_Davis@wyd.uscourts.gov an electronic list of all exhibits to be offered and an electronic list of names for all anticipated witnesses.

Parties will provide at least one (1) hard copy and (1) electronic copy of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

G.    **DEPOSITIONS.** Any party proposing to offer all or any portion of a deposition shall notify opposing counsel at least **ten (10) business days** before trial of the offers to be made (unless the necessity for using the deposition develops unavoidably thereafter).   If objection is to be made, or if additional portions of a deposition are to be requested, opposing counsel will notify offering counsel at least five (5) business days before trial of such objections or requests.   If any differences cannot be resolved, the Court must be notified in writing of such differences at least three (3) business days before trial.

H.    **DISCOVERY.**  Discovery has been completed except for depositions falling under the Court's Order on Initial Pretrial Conference [ECF No. 22], which permits the parties to take trial depositions up to seven (7) days before the trial date.

I.    **WITNESSES.**  Plaintiff may or will call those witnesses who are identified on Plaintiff's Witness List attached hereto at <u>Appendix E</u>.   Defendants may or will call those witnesses who are identified on Defendants' Witness List attached hereto at <u>Appendix F</u>.   The parties reserve the right to call any witness listed by the opposing party, and any witness required for rebuttal.   A party listing a will call witness guarantees his or her presence at trial.

The Court orders that, prior to the first day and at the end of each day of trial, the parties are to inform opposing counsel about the witnesses expected to be called the following day and the order in which they will be called.

Parties agreed to sequester witnesses at trial. Accordingly, the Court hereby orders the sequestration of witnesses other than those witnesses that are a party, a designated representative

of a party, a person essential to the presentation of the case, or a person authorized to be present by statute. The Court orders the parties to inform their witnesses that they are prohibited from discussing the case with one another or relaying to witnesses what testimony occurred in the courtroom.

### J.      REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW.

1.      *Plaintiff's Proposed Findings of Fact and Conclusions of Law.*

In accordance with Local Rule 52.1, counsel for each party shall submit to the Court proposed findings of fact and conclusions of law. Rather than submitting their proposals before trial, the parties have agreed to wait and submit after trial. The Court will discuss the timing of these submissions once trial commences. Once ordered, the parties shall follow these guidelines:

The parties' Findings of Fact and Conclusions of Law shall be submitted in writing and filed and sent as an attachment via email directly to Chief Magistrate Judge Kelly H. Rankin's Chambers, WyoJudgeKHR@wyd.uscourts.gov, formatted for Wordperfect or Word.   Plaintiff's proposal shall include: (A) a narrative statement of all facts proposed to be provided and; (B) a concise statement of plaintiff's legal contentions and the authorities supporting them.

Plaintiff's narrative statement of facts shall set forth in simple declarative sentences all the facts relied upon in support of Plaintiff's claim for relief.   It shall be complete in itself and shall contain no recitation of any witness's testimony or what any Defendants stated or admitted in these or other proceedings, and no references to the pleadings or other documents.   It may contain references in parentheses to the names of witnesses, depositions, pleadings, exhibits or other documents, but no party shall be required to admit or deny the accuracy of such references.   It shall, so far as possible, contain no pejoratives, labels or legal conclusions.   It shall be so constructed, in consecutively numbered paragraphs (though where appropriate a paragraph may

contain more than one sentence), that the opposing parties will be able to admit or deny each separate sentence of the statement.

Plaintiff's statement of legal contentions shall set forth all such contentions necessary to demonstrate the liability of Defendants. Such contentions shall be separately, clearly and concisely stated in separately numbered paragraphs. Each paragraph shall be followed by citations of authorities in support thereof.

      2.    *Defendants' Responsive Proposed Findings of Fact and Conclusions of Law.*

Defendants' responsive proposal shall correspond to Plaintiff's proposal. Each factual statement shall admit or deny each separate sentence contained in the narrative statement of fact of Plaintiff, except in instances where a portion of a sentence can be admitted and a portion denied. In those instances, Defendants shall state clearly the portion admitted and the portion denied. Each separate sentence of Defendant's response shall bear the same number as the corresponding sentence in Plaintiff's narrative statements of facts. In a separate portion of Defendants' narrative statement of facts, Defendants shall set forth all affirmative matter of a factual nature relied upon by Defendants, constructed in the same manner as Plaintiff's narrative statement of facts.

Defendants' separate statement of proposed conclusions of law shall respond directly to Plaintiff's legal contentions and shall contain such additional contentions of Defendants as may be necessary to demonstrate the non-liability of Defendants. Defendants' statement of legal contentions shall be constructed in the same manner as is provided for the similar statement of Plaintiff(s).

**K.    AMENDMENTS TO PLEADINGS.** There were no requests to amend the pleadings.

**L.**    **OTHER MATTERS.** The following additional matters to aid in the disposition of this action were determined:

1.    *Motions*:

    i. Plaintiff's Motion for Sanctions against Defendants remains under advisement of this Court. (ECF No. 66).

    ii. Plaintiff's Motion in Limine to Preclude Defendants from Introducing any Evidence or Argument at Trial Concerning Nautica's Alleged "Creditor Status" or "Creditor's Claim" (ECF No. 71). The Court denied this motion, finding that evidence of Nautica's creditor status is relevant in deciding issues regarding fraudulent conveyance. Additionally, the Court does not find that the Bankruptcy Court's decision precludes the issue. The Court held it will be better situated to rule on the admissibility of evidence relating to Nautica's creditor status at trial, where questions of undue delay, relevancy, and potential prejudice may be resolved in the proper context. *See McCarty v. Liberty Mutual Ins. Co.*, No. 15-CV-210-R, 2017 WL 676459, at *2 (D. Wyo. Feb. 3, 2017).

    iii. Defendant's Motion in Limine that raised two uses: 1) the Court lacks subject matter jurisdiction over any evidence of fraudulent conveyance under 11 U.S.C. § 548; 2) Nautica should be precluded from entering into evidence and otherwise arguing at the trial the Assignment Agreement was not provided to the bankruptcy trustee at the initial creditor's meeting (ECF No. 70). The Court denied this

motion on both issues. As to issue one, the Court held that the Motion in Limine was not the proper vehicle to bring a dispositive motion. *See Denbury Onshore, LLC v. Christensen*, No. 14-CV-19-ABJ, 2015 WL 11023559, at *3 (D. Wyo. May 11, 2015). As to issue two, the Court held that whether the Assignment Agreement was provided to the bankruptcy trustee was an issue of fact best left for trial. *See McCarty v. Liberty Mut. Ins. Co.*, No. 15-CV-210-R, 2017 WL 676459, at *2.

2.    *Opening and Closings*:  Each side will be given 30 minutes for opening statements.   Each side will be given 30 minutes for closing arguments.

3.    *Joint Stipulation*: Parties requested to file Joint Exhibit 39 "Allied Livingston Release" under seal. This is referenced in Joint Uncontroverted Facts (Appendix A) paragraph 47. The Court granted the filing of "Allied Livingston Release" under seal.

4.    *Plaintiff's Counsel*: During the informal conference call with the Court on October 5, 2020, Mr. Brent R. Cohen was excused from the case. Pro hac vice co-counsel Mr. Lavasseur and Mr. Rose will continue to serve as trial counsel. Additionally, the Court approved Mr. Dennis Rose to appear by video.

5.    *Defendant's Witness, Hayden Fisher*: At the final pretrial conference, Counsel for Plaintiff raised concern over the late disclosure of Defendant's witness, Hayden Fisher. Plaintiff's Counsel requested a trial deposition and production of representation, billing, and invoice documents. Counsel for Defendant responded that Mr. Fisher was disclosed in Plaintiff's Rule 26 witnesses. Both parties agreed that Counsel for Defendants would provide any documents surrounding representation, billing, and invoices to opposing counsel by the end of the

week of September 28, 2020. The Court also reminded Plaintiff's Counsel that if needed, they may take a trial deposition of Mr. Fisher up to 7 days prior to trial.

Following the informal conference call with the Court on October 5, 2020 and the filing of *Defendant's First Amended Witness List* (ECF No.80)*,* Defendants withdrew the testimony of Mr. Fisher regarding his attorney's fees arrangement with Defendants. Plaintiff raised concern over this testimony still coming in through Mr. Jennings and believe they are entitled to discovery on the issue. The Court ordered Defense counsel to produce all documents pertaining to this issue, including engagement letters, agreements, and invoices, to Plaintiff by the end of business on Thursday, October 8, 2020.

**M.     MODIFICATIONS/INTERPRETATION.**    This pretrial order has been formulated after conference at which counsel for the respective parties have appeared. Reasonable opportunity has been afforded counsel for corrections or additions prior to signing by the Court.    Hereafter this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.    The pleadings will be deemed merged herein. In the event of ambiguity in any provision of this order, reference may be made to the record of this conference to the extent reported by stenographic notes, and to the pleadings.

**N.     TRIAL SETTING.**   The case is set for a bench trial on October 19, 2020, starting at 9:00 a.m. in the J.C. O'Mahoney Federal Courthouse in Cheyenne, Wyoming. The estimated length of trial is three days. To accommodate participants who are high risk or have specific extenuating circumstances surrounding the ongoing COVID-19 Pandemic, parties may file a non-public document with a reasonable showing of why they should not attend the trial in person.

**O.     WITNESS STATEMENTS.**   Not applicable.

Dated this 23rd day of September, 2020.

**P.**    **POSSIBILITY OF SETTLEMENT:** The possibility of a settlement in this case is

considered poor.

_____

KELLY H. RANKIN
U.S. DISTRICT MAGISTRATE JUDGE

## APPENDIX A

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| NAUTICA ENTERTAINMENT, LLC, | ) | Case No. 2:19-cv-00174-KHR |
| | ) | |
| | ) | Consolidated Case No. 2:20-cv-24-KHR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIED DEBT COLLECTION OF | ) | |
| VIRGINIA, LLC, *et al*., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT UNCONTROVERTED FACTS

Pursuant to the Court's Order on Initial Pretrial Conference [ECF #22], the parties hereby submit the following Uncontroverted Facts:

### *As Proposed by Nautica and Agreed by Defendants:*

1.　　Nautica Entertainment, LLC ("Nautica") is a Delaware limited liability company with its principal place of business located in Cleveland, Ohio.

2.　　Allied Debt Collection of Virginia, LLC ("Allied") is a Virginia limited liability company incorporated on October 13, 2015, with its principal place of business located in Arlington, Virginia.　Since its incorporation and continuing to date, Allied has had one member: Robert W. Jennings ("Jennings").

3.　　Blue Star Productions, LLC ("Blue Star") is a Wyoming limited liability company incorporated on September 6, 2016, with its principal place of business located in Cheyenne,

Wyoming.  Since its incorporation and continuing to date, Blue Star has had two members: Jennings and Michael Zarrelli ("Zarrelli").

4.      Jennings is a citizen of the State of Wyoming, residing in Cheyenne, Wyoming.

5.      Since its incorporation and continuing to this date, Jennings has been and is a 51% member in Blue Star.

6.      Jennings is the managing member of Blue Star.

7.      Since its incorporation and continuing to this date, Jennings has been and is the sole member of Allied.

8.      Jennings is the managing member of Allied.

9.      Zarrelli is a citizen of the State of Maryland, residing in Silver Spring, Maryland.

10.     Since its incorporation and continuing to this date, Zarrelli has been and is a 49% member in Blue Star.

11.     Zarrelli has never withdrawn from or otherwise relinquished his membership interest in Blue Star.

12.     Neither Blue Star nor Jennings have ever purchased or otherwise acquired Zarrelli's membership interest in Blue Star.

13.     On July 8, 2016, Shaia's Parking, Inc. and Weston, Inc. (collectively, "Shaia's") commenced litigation captioned *Shaia's Parking, Inc. v. Blue Star Productions, LLC,* Cuyahoga County (Ohio) Court of Common Pleas, Case No. CV-16-865895 (the "Shaia's Action") concerning a Real Estate License Agreement for Short Term Occupancy between Shaia's and Blue Star, and alleging monetary damages in excess of $150,000.

14.     On September 20, 2016, Blue Star and Allied entered into an Assignment of Value for Limited Liability Claims whereby Blue Star assigned certain unliquidated business tort claims

against third parties (including Nautica) to Allied (the "<u>Assignment</u>," and the corresponding claims thereunder, the "<u>Claims</u>").

15.     The Assignment was executed by Jennings on September 20, 2016 on behalf of both Blue Star and Allied.

16.     The Assignment was executed by Jennings with the knowledge and consent of Zarrelli, both individually and in his capacity as a member of Blue Star.

17.     The Assignment provides, in part, that it is being made because "Blue Star is without sufficient resources to successfully prosecute the claims."

18.     On August 9, 2016, D. Hayden Fisher ("<u>Fisher</u>"), as counsel to Blue Star, sent a letter via email to Chad Barth ("<u>Barth</u>") of Concerts for a Cause ("<u>CFAC</u>") and Mary Horosvko [sic] of Nautica making a settlement demand in the amount of $1,500,000 to settle the Claims (the "<u>Fisher Demand Letter</u>").

19.     On December 13, 2016, Allied commenced litigation captioned *Allied Debt Collection of Virginia, LLC v. Concerts for a Cause, Inc.,* Arlington County (Virginia) Circuit Court, Case No. CL-16-3193 (the "<u>Virginia Action</u>") seeking to enforce the Claims it acquired from Blue Star.

20.     The Virginia Action Complaint identifies the amount of damages sought in that action as "compensatory damages in the amount of $15,000,000, punitive damages in the amount of $350,000 per defendant, reasonable attorney's fees, costs and prejudgment interest from July 21, 2016."

21.     Jennings, on behalf of Allied, authorized the filing of the Virginia Action Complaint.

22.     The Virginia Action Complaint was filed prior to the Petition Date (defined below).

3

23.     On September 29, 2017, Shaia's obtained a judgment against Blue Star "in the amount of $111,045.04, plus interest at the applicable statutory rate from the date of judgment, plus costs of this action," in the Shaia's Action.

24.     On October 10, 2017 (the "Petition Date"), Blue Star filed a voluntary petition (the "Petition") for relief under Chapter 7 of the United States Bankruptcy Code thereby commencing an action captioned *In re Blue Star Productions, LLC*, Case No. 17-20774 (the "Bankruptcy Action") in the United States Bankruptcy Court for the District of Wyoming (the "Bankruptcy Court").

25.     The Petition was filed one (1) year and twenty (20) days after execution of the Assignment by Blue Star and Allied.

26.     Jennings executed the Petition and corresponding Schedule of Assets and Liabilities and Statement of Financial Affairs attached thereto (the "Statement of Financial Affairs") on behalf of Blue Star.

27.     Jennings executed the Petition on behalf of Blue Star, affirming that he "examined the information in this petition and have a reasonable belief that the information is true and correct."

28.     Jennings executed the Statement of Financial Affairs on behalf of Blue Star, affirming that he "examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct."

29.     Section 13 of the Statement of Financial Affairs required a disclosure of "any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person[.]"

30.     On May 23, 2017, Allied commenced litigation captioned *Allied Debt Collection of Virginia, LLC v. Nautica Entertainment, LLC, et al.,* Cuyahoga County (Ohio) Court of Common Pleas, Case No. CV-17-880787 (the "Ohio Action") seeking to enforce the Claims it acquired from Blue Star.

31.     Jennings was deposed in the Ohio Action on June 13, 2018.

32.     On October 9, 2018, the Trustee inquired of Blue Star's bankruptcy counsel, Ken McCartney ("McCartney") by email correspondence: "Given the transfer of claims documents from Blue Star to Allied, do you agree that Blue Star is the real party in interest and should be the recipient of any settlement proceeds (should there be any)?"

33.     In response to the Trustee's October 9, 2018 email, McCartney responded the same day: "Allied paid some significant upfront consideration for the assignment and has incurred substantial costs, and certainly should be reimbursed for these efforts.  If the upfront fee is dwarfed by the results Allied would gladly settle generously with your estate.  Recovery is not relevant if Blue Star could not find someone to bring the action."

34.     On October 15, 2018, Allied filed an Amended Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy ("Amended SOFA"), amending the Statement of Financial Affairs that was included as part of the Petition.

35.     Jennings executed the Amended SOFA on behalf of Blue Star, affirming that he "examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct."

36.     In Section 13 of the Amended SOFA, Allied disclosed the Assignment and indicated that it had a total amount or value of $10,000.

37.     A copy of the Assignment was attached as Exhibit A to the Amended SOFA.

38.     A copy of the Ohio Action Complaint was attached as Exhibit B to the Amended SOFA.

39.     On April 11, 2019, Nautica filed a Motion to Sell Property Free and Clear of Liens Under Section 363(f) [Bk. ECF No. 24] in the Bankruptcy Action (the "Sale Motion").

40.     On May 6, 2019, Allied filed its Objection to Creditor's Motion for Approval of a Sale of Assets Pursuant to Section 363 of the Bankruptcy Code [Bk. ECF No. 24], objecting to the Sale Motion (the "Sale Objection").

41.     In the Sale Objection, Allied stated that it "recently discovered a clear scrivener's error in the assignment which will be corrected and, if necessary, reformed."

42.     Allied's disclosure in the Sale Objection that it had recently discovered a clear scrivener's error in the Assignment was the first time Allied advised the Trustee and the Bankruptcy Court of the claimed error in the Assignment.

43.     Allied attached to the Sale Objection an amended version of the Assignment, with handwritten interlineations made by McCartney, and initialed by Jennings.

44.     On August 20, 2019, the Bankruptcy Court entered an Order Granting Motion of Chapter 7 Trustee to Sell Certain Assets Free and Clear of Liens, Claims, Interests, and Encumbrances [Bk. ECF No. 92] (the "Sale Order").

45.     Pursuant to the Sale Order, the Bankruptcy Court approved a certain Purchase Agreement (as defined in the Sale Order) between Nautica and the Trustee, acting on behalf of Blue Star's estate.

46.     On June 29, 2018, Allied disclosed an expert report in the Ohio Action prepared by Terri A. Lastovka, CPA, JD, ASA, ARM-BV, valuing the Claims at $4,685,000 (the "Lastovka Report.")

47.     [STIPULATED FACT TO BE FILED UNDER SEAL].

48.     Allied received the Livingston Settlement Payment on December 30, 2018.

49.     On January 3, 2019, Allied's Ohio-based counsel, P.J. Milligan ("Milligan") sent a letter to the Trustee enclosing Check No. 5141 for $10,000 that Milligan advised the Trustee were funds "due to Blue Star Productions, LLC pursuant to the Assignment for Value of Limited Liability Company Claims" (the "First Milligan Letter").

50.     On March 14, 2019, Milligan sent a letter to the Trustee enclosing Check No. 5147 for $10,000 that Milligan advised the Trustee were funds "due to Blue Star Productions, LLC pursuant to the Assignment for Value of Limited Liability Company Claims" (the "Second Milligan Letter").

### *As Proposed by Defendants and Agreed by Nautica:*

51.     In the summer of 2016 the City of Cleveland, Ohio hosted the Republican National Convention.

52.     Plaintiff Nautica Entertainment, LLC ("Nautica") is the owner and operator of Jacobs Pavilion music venue which is part of the Nautica Entertainment Complex in Cleveland.

53.     Blue Star Productions, LLC ("Blue Star") is a Wyoming limited liability company engaged in the business to promoting and producing concerts.

54.     Blue Star entered into a contract with Concerts for a Cause, Inc. ("CFAC") to promote and produce a Lynyrd Skynyrd concert on July 17, 2016 and a Kid Rock concert on July 21, 2016 at Jacobs Pavilion and during the Republican National Convention.

55.     On September 29, 2017, Shaia Parking, Inc. obtained a Judgment against Blue Star in the amount of $111,045.04.

56.     In September of 2016 Cheyenne, Wyoming attorney Richard Slater drafted the Assignment Agreement which is the subject of these proceedings.

57.     On December 13, 2016 Allied Debt Collection of Virginia, LLC initiated suit against Nautica Entertainment, LLC and others alleging certain business tort claims related to the RNC convention in the summer.   The lawsuit expressly stated that Allied is an assignee of the tort claims from Blue Star Productions, LLC.   The Virginia lawsuit was dismissed without prejudice.

58.     On May 23, 2017 Allied Debt Collection re-filed suit against Nautica in the Court of Common Pleas in Cuyahoga County, Ohio.   Again, it was expressly plead that Allied is an assignee of the business tort claims from Blue Star.

59.     In October of 2017 Blue Star hired Cheyenne, Wyoming bankruptcy attorney Mr. Ken McCartney to advise them regarding possibly filing for bankruptcy.

60.     On October 10, 2017 Blue Star Productions, LLC filed its Voluntary Petition for Non-Individuals Filing for Bankruptcy in the United States Bankruptcy Court for the District of Wyoming, Case No. 17-20774.

61.     On November 15, 2017 defendant Robert Jennings emailed the Assignment Agreement to his bankruptcy counsel Mr. Ken McCartney.

62.     On November 15, 2017 the initial 341 Meeting of Creditors was continued until November 29, 2017.

63.     On March 5, 2018 Nautica Entertainment, LLC filed a Proof Claim with the bankruptcy court alleging it was owed $31,960.62 by Blue Star.

64.     On March 6, 2018 Shaia's Parking, Inc. and Weston, Inc. filed identical Proofs of Claims related to the Judgment they obtained against Blue Star Productions, LLC in Ohio and in the amount of $156,843.15.

65.     On August 9, 2018 Trustee Zubrod requested a file-stamped copy of the Ohio complaint from Blue Star attorney Mr. McCartney.

66.     On or about November 12, 2018 Nautica's counsel contacted Trustee Zubrod making an inquiry into Nautica's potential purchase of the bankruptcy estate's interest in the Assignment Agreement.

67.     On November 15, 2018 Allied entered into a Release and Confidentiality Agreement with one of the Ohio defendants in an amount that triggered the $10,000 contingency clause in the Assignment Agreement.

68.     On December 17, 2018 Nautica tendered a written offer to Trustee Zubrod to purchase the Assignment Agreement from the bankruptcy estate subject to court approval (the "Asset Purchase and Assignment Agreement").

69.     On January 6, 2019 Trustee Zubrod signed the Asset Purchase and Assignment Agreement with Nautica.

70.     On January 17, 2019 Nautica provided Trustee Zubrod with a fully executed copy of the Asset Purchase and Assignment Agreement.    Nautica also asked Trustee Zubrod to proceed with obtaining court approval for the sale.

71.     On March 4, 2019 attorney Patrick J. Milligan provided Trustee Zubrod with a copy of Allied's $10,000 check and January 3, 2019 cover letter.    Trustee Zubrod responded she did not have the check.    Mr. Milligan stated that he would resend the check.

72.     On April 26, 2019 Trustee Zubrod made application to the bankruptcy court to hire bankruptcy counsel Mr. David Miller.    The basis for the application was not only to assist in responding to Nautica's Motion for Approval of Sale of Asset but also to "investigate and prosecute preferences and other actions arising under the Trustee's avoidance powers."

73.     On May 8, 2019 the bankruptcy court approved the application to hire Mr. David Miller as counsel for Trustee Zubrod.

74.     On August 6, 2019 Nautica provided notice to the Court it had purchased the creditor's claims of Shaia's Parking.   The purchase price was $60,000.

**APPENDIX B**

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| NAUTICA ENTERTAINMENT, LLC, | ) | Case No. 2:19-cv-00174-KHR |
| | ) | |
| | ) | Consolidated Case No. 2:20-cv-24-KHR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIED DEBT COLLECTION OF | ) | |
| VIRGINIA, LLC, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF NAUTICA ENTERTAINMENT, LLC'S PROPOSED
STIPULATION OF FACTS**

Pursuant to the Court's Order on Initial Pretrial Conference [ECF #22], Nautica Entertainment, LLC ("Nautica") here submits its *Proposed Stipulation of Facts* to which Defendants contest:

1. Blue Star Productions, LLC ("Blue Star") did not receive any monetary consideration at the time that it and Allied Debt Collection of Virginia, LLC ("Allied") entered into the Assignment of Value for Limited Liability Claims (the "Assignment").

2. Blue Star was insolvent at the time that it entered into the Assignment.

3. Blue Star did not receive any non-monetary compensation at the time that it entered into the Assignment.

4. Blue Star received less than reasonably equivalent value in exchange for the transfer of the claims under the Assignment Agreement.

5.      D. Hayden Fisher ("Fisher") was contingent fee counsel to Blue Star on August 9, 2016 for the purpose of pursuing and/or settling the claims provided for in the Assignment (the "Claims").

6.      Neither Allied, nor any representative of Allied, ever provided the complaint (the "Virginia Complaint") from the litigation captioned *Allied Debt Collection of Virginia, LLC v. Concerts for a Cause, Inc.,* Arlington County (Virginia) Circuit Court, Case No. CL-16-3193 (the "Virginia Action") to the Chapter 7 Trustee, Tracy L. Zubrod (the "Trustee") in the action captioned *In re Blue Star Productions, LLC*, Case No. 17-20774 (the "Bankruptcy Action") in the United States Bankruptcy Court for the District of Wyoming (the "Bankruptcy Court").

7.      Neither Allied, nor any representative of Allied, ever provided the Virginia Complaint to the Bankruptcy Court.

8.      Neither Allied, nor any representative of Allied, ever filed the Virginia Complaint as part of the record in the Bankruptcy Action.

9.      Allied was represented in the Virginia Action by contingent fee counsel.

10.      Nautica was a creditor of Blue Star prior to Blue Star filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on October 10, 2017 (the "Petition Date").

11.      Nautica is currently the largest creditor in the Bankruptcy Action as determined by claim value.

12.      Blue Star did not identify Nautica as a creditor of Blue Star or an interested party in the Bankruptcy Case in its Petition, or otherwise provide Nautica with notice of the filing of the Blue Star bankruptcy.

13.     Blue Star, acting by and through its managing member Jennings ("Jennings") as signatory of the Petition, did not disclose the Assignment in Section 13 of the Schedule of Assets and Liabilities and Statement of Financial Affairs ("Statement of Financial Affairs") attached to the Petition.

14.     The Assignment is not disclosed anywhere in the Petition.

15.     At no time did Allied file an amended "Schedule A/B: Assets – Real and Personal Property" ("Schedule A/B") to amend the Schedule A/B included as part of the Petition.

16.     The Assignment is not referenced or disclosed in Part 10 (Intangibles and intellectual property) of Schedule A/B.

17.     The Assignment is not referenced or disclosed in Part 11 (All other assets) of Schedule A/B.

18.     Jennings concealed Blue Star assets (including gifts and charitable contributions made by Blue Star, payments made by Blue Star to DAPCPA Pope & Associates LLC, with whom Jennings consulted about filing a bankruptcy case within one (1) year before the Petition Date, and Blue Star's interest in Legacy of Valor) from the Bankruptcy Court and the Trustee.

19.     Since its inception and continuing to date, Allied is represented by contingent fee counsel in the Ohio Action (*Allied Debt Collection of Virginia, LLC v. Nautica Entertainment, LLC, et al.,* Cuyahoga County (Ohio) Court of Common Pleas, Case No. CV-17-880787) including the same contingent fee counsel that represented Allied in the Virginia Action.

20.     In response to the Trustee's October 9, 2018 email, bankruptcy counsel for Blue Star, Ken McCartney ("McCartney"), neither in writing nor verbally, denied the Trustee's interpretation of the Assignment that any settlement proceeds recovered by Allied in the Ohio Action should be tendered to the Blue Star estate as the real party in interest.

3

21.     None of McCartney, Jennings, nor any representative of Allied or Blue Star ever advised the Trustee of the amount of damages Allied was seeking for the Claims as indicated in the (i) August 9, 2016 settlement demand from Fisher to Chad Barth ("Barth") of Concerts for a Cause ("CFAC") and Mary Horoszko of Nautica in the amount of $1,500,000 (the "Fisher Demand Letter"), (ii) the Virginia Complaint and/or (iii) the expert report submitted by Allied in the Ohio Action (the "Lastovka Report").

22.     In Section 13 of the Amended Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy ("Amended SOFA"), Allied did not identify the relationship of the debtor to the transferee (*i.e.,* Allied) of the Assignment.

23.     The Assignment was filed for the first time in the Bankruptcy Action as part of the Amended SOFA.

24.     The Ohio Action Complaint was filed for the first time in the Bankruptcy Action as part of the Amended SOFA.

25.     The Assignment that was filed as Exhibit A to the Amended SOFA did not contain any markings or interlineations intended to correct any error in the Assignment.

26.     The Ohio Action Complaint does not identify a specific amount of damages being sought by Allied in the Ohio Action other than to state that Allied is seeking "compensatory damages in the amount in excess of $25,000.00, plus punitive damages, reasonable attorney's fees, costs incurred herein, prejudgment interest from July 21, 2016, post judgment interest at the statutory rate per annum, and any and all other relief deemed just and equitable by the Court."

27.     Allied's disclosure in its Objection to Creditor's Motion for Approval of a Sale of Assets Pursuant to Section 363 of the Bankruptcy Code [Bk. ECF No. 24] (the "Sale Objection") that it had recently discovered a clear scrivener's error in the Assignment occurred (i) more than

eighteen (18) months after the filing of Allied's Petition; (ii) more than twenty-three (23) months after filing the Ohio Action; (iii) more than twenty-eight (28) months after filing the Virginia Action; and (iv) more than thirty (30) months after Allied and Blue Star executed the Assignment.

28.     Pursuant to the Bankruptcy Court Order Granting Motion of Chapter 7 Trustee to Sell Certain Assets Free and Clear of Liens, Claims, Interests, and Encumbrances [Bk. ECF No. 92] (the "Sale Order"), the Bankruptcy Court ordered that Allied's "Amended Objection to the Proof of Claim filed by Nautica Entertainment, LLC, No. 2-1 [Doc. 30] is overruled as moot."

29.     Pursuant to the Sale Order, the Bankruptcy Court overruled the Sale Objection.

30.     Pursuant to the Purchase Agreement, Nautica acquired Purchased Assets (as defined in the Purchase Agreement) consisting of, among other things, all right, title and interest in and under the Assignment, and all claims and causes of action of Blue Star against Allied, Jennings and/or Zarrelli.

31.     Nautica is the owner and current holder of Blue Star's rights under the Assignment Agreement.

32.     Nautica is entitled to all proceeds recovered on account of the claims under the Assignment Agreement except for $10,000 payable to Allied.

33.     Neither Blue Star nor any representative of Blue Star ever provided a copy of the Lastovka Report to the Trustee or the Bankruptcy Court.

34.     The January 3, 2019 letter sent from Allied's Ohio-based counsel, P.J. Milligan ("Milligan"), to the Trustee enclosing Check No. 5141 for $10,000 that Milligan advised were funds "due to Blue Star Productions, LLC pursuant to the Assignment for Value of Limited Liability Company Claims" (the "First Milligan Letter") did not reference or provide any indication of an error in the Assignment.

35.     The First Milligan Letter did not indicate that the $10,000 payment to the Trustee was provided as a result of Allied entering into a written settlement agreement in the Ohio Action with Defendant Jeffrey Livingston ("Livingston") relative to Allied's Claims alleged against Livingston, resulting in a payment of $116,000 by Livingston to Allied (the "Livingston Settlement Payment" and the "Livingston Settlement").

36.     The First Milligan Letter did not indicate the amount of the Livingston Settlement Payment.

37.     The March 14, 2019 letter from Milligan to the Trustee enclosing Check No. 5147 for $10,000 that Milligan advised the Trustee were funds "due to Blue Star Productions, LLC pursuant to the Assignment for Value of Limited Liability Company Claims" (the "Second Milligan Letter") did not reference or provide any indication of an error in the Assignment.

38.     The Second Milligan Letter did not indicate that the $10,000 payment to the Trustee was provided as a result of the Livingston Settlement.

39.     The Second Milligan Letter did not indicate the amount of the Livingston Settlement Payment.

40.     The Trustee did not accept the $10,000 payment from Milligan in full satisfaction of the debt owed to the Estate under the Assignment.

41.     Neither Allied nor anyone affiliated with Allied has ever provided the Trustee with a copy of the Livingston Settlement agreement.

42.     Other than the $10,000 payment sent by Milligan to the Trustee resulting from the Livingston Settlement, Allied has paid the Trustee no additional funds pursuant to the Assignment.

43.     Allied has neither tendered nor paid any funds to Nautica, as the owner and current holder of Blue Star's rights under the Assignment.

44.     Allied has never provided the Trustee or Nautica with a written accounting of any and/or all amounts received by Allied pursuant to the Assignment.

45.     Blue Star and its members were not parties to an operating agreement.

46.     Allied is an insider of Blue Star.

47.     Jennings is an insider of Blue Star.

48.     Zarrelli is an insider of Blue Star.

49.     Blue Star could have pursued the claims under the Assignment on its own for the benefit of its creditors via a contingency fee arrangement.

**APPENDIX C**

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| NAUTICA ENTERTAINMENT, LLC, | ) | Case No. 2:20-cv-00024-KHR |
| | ) | |
| Plaintiff, | ) | (Consolidated Case No. 2:19-cv-174-KHR) |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIED DEBT COLLECTION OF | ) | |
| VIRGINIA, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' PROPOSED STIPULATION OF FACTS**

Pursuant to the Court's Order on Initial Pretrial Conference Defendants Allied Debt Collection of Virginia, LLC, Robert Jennings and Michael Zarrelli hereby submit their *Proposed Stipulation of Facts* to which Nautica contests:

1.      The night before each concert Nautica made demands for payments to Blue Star for certain alleged services.   Blue Star was told that if they did not prepay the full amounts billed they would not be afforded access to the premises.

2.      In response, Blue Star prepaid Nautica $8,691.60 for Lynyrd Skynyrd concert and $5,000.00 for the Kid Rock concert.

3.      Blue Star allocated 1,200 tickets to CFAC for the Kid Rock concert.  Blue Star later alleged that Nautica and others devised a wristband scheme to circumvent Blue Star's ticketing system thereby allowing more than 1,200 people into the Kid Rock concert.   This is the basis for Blue Star's business tort claims against Nautica ("the wristband scheme").

4.      After the concerts, on August 24, 2016 Nautica billed Blue Star for additional charges allegedly from Talerico Catering and Live Nation.   Blue Star denied they were responsible for any of these charges, believed they were fraudulent and forwarded the same for payment to CFAC, the party who had contracted with Nautica for use of the venue.

5.      In September of 2016 Blue Star desired to pursue the business tort claims related to the wristband scheme against Nautica.   However, Blue Star's co-owner, Mr. Mike Zarrelli, did not wish to pursue the claims for professional and financial reasons.   As a result, Blue Star made the decision to assign those claims to a third-party collection entity established for the sole purpose of prosecuting those claims.

6.      On September 6, 2016 defendant Robert Jennings formed Allied Debt Collection of Virginia, LLC for the purpose of prosecuting the unliquidated business tort claims against Nautica and others.

7.      On September 20, 2016 Blue Star Production, LLC and Allied Debt Collection of Virginia, LLC entered into an Assignment for Value of Limited Liability Company Claims ("Assignment Agreement").   The Assignment Agreement assigned from Blue Star to Allied "certain unliquidated business tort claims against Jacob's Pavilion, Chad Barth, Concerts for a Cause, Mary Horoszko, Jeff Livingston and other parties arising from claims related to the shows Blue Star promoted on July 17, 2017 and July 21, 2016 in connection with the 2016 Republican National Convention.

8.      In support of and in consideration for the Assignment Agreement and "Allied's best commercial efforts to prosecute the Claims, Blue shall pay Allied $10,000, contingent upon the successful prosecution of such Claim and recovery of funds in excess of $50,000 by Allied against any such entities."   Defendants Allied, Jennings and Zarrelli have all provided sworn testimony

that the names "Blue and "Allied" were mistakenly transposed in the Assignment Agreement. This is characterized as the "scrivener's error" in this litigation.

9.      Mr. McCartney regularly uses forms for debtors to fill out its debts and assets in preparation for a potential bankruptcy petition.    Mr. Jennings disclosed the Ohio litigation against Nautica by Allied in the Credit Counseling Work Sheets as a potential bankruptcy asset. Mr. Jennings further disclosed the related "assignment of tort claims in collection action" as a potential asset of the bankruptcy estate.   The assignment of the claims from Blue Star to Allied is referenced in the forms.

10.     On November 10, 2017 plaintiff Nautica, through its counsel, sent correspondence to the United States Bankruptcy Trustee Tracy Zubrod ("Trustee Zubrod") arguing that the Assignment Agreement was a fraudulent conveyance. Nautica provided notice of the Ohio litigation as well as a copy of the Assignment Agreement to Trustee Zubrod.

11.     On November 29, 2017 Mr. Jennings and Mr. McCartney attended the creditor's meeting with Trustee Zubrod in the morning.   Mr. Jennings appeared by telephone.   The initial meeting was recorded. At the first meeting Mr. McCartney orally discussed the Assignment Agreement and the Ohio litigation.

12.     The creditor's meeting was continued until the afternoon because Mr. Jennings needed to be sworn in by a notary public.   At 1:30 November 29, 2017 the initial creditor's meeting was officially held.   At the meeting Trustee Zubrod was provided a copy of the Assignment Agreement by Mr. McCartney and was again advised of the Ohio litigation.   Trustee Zubrod either failed to record the afternoon meeting or has lost the recording.

13.     Cheyenne, Wyoming attorney Bradley Hunsicker represented Shaia Parking and Weston.   On May 7, 2018 Mr. Hunsicker sent Trustee Zubrod an email and memorandum arguing

the transfer of Blue Star's business tort claims to Allied could possibly be a source of "some portion of recovery" for the bankruptcy estate.  Mr. Hunsicker provided notice of Allied's suit against Nautica in Ohio and further provided the bankruptcy Trustee with the first page of the Complaint as well as the docket sheet from that litigation.

14.    On July 18, 2018 attorney Ken McCartney sent email correspondence to Trustee Zubrod asking if she would send correspondence to the litigants in Ohio that the bankruptcy stay applied at least to the Assignment Agreement as a bankruptcy asset.  Mr. McCartney further reminded the Trustee Zubrod the bankruptcy estate stood to gain at least $10,000.00 pursuant to successful prosecution in Ohio.  Finally, Mr. McCartney noted that if Trustee Zubrod wanted to "challenge the assignment, or renegotiate its terms" she could do so in the bankruptcy proceedings.

15.    On July 24, 2018 Mr. Hunsicker sent Trustee Zubrod correspondence supplementing their request she pursue fraudulent transfer claims against Blue Star.  Mr. Hunsicker stated that if he did not hear from Trustee Zubrod prior to August 3, 2018 he would "assume the estate has no interest in pursuing the claims referenced in the memorandum."  Mr. Daniel Morse, United States Assistant Bankruptcy Trustee for the District of Wyoming was copied on the correspondence.

16.    During the summer of 2018 defendant Robert Jennings and Blue Star bankruptcy attorney Ken McCartney provided updates to Trustee Zubrod regarding the status of the Ohio litigation with Nautica.

17.    On August 13, 2018 Trustee Zubrod made inquiries to Mr. Hunsicker regarding attorneys to represent the bankruptcy estate in a potential fraudulent conveyance claim.  Trustee Zubrod was provided names of potential attorneys.  Trustee Zubrod did not hire counsel to prosecute any such claims.

4

18.    On September 19, 2018 Trustee Zubrod sent Mr. McCartney an email asking if the Allied lawsuit should have been disclosed on the bankruptcy petition.    In response Mr. McCartney again explained the nature of the litigation and asked the bankruptcy trustee where she would like it listed and that Blue Star would amend the Petition.

19.    On October 9, 2018 Trustee Zubrod asked Mr. McCartney if Blue is the "real party in interest" and "should be the recipient of any settlement proceeds (should there be any)".

20.    In response, Mr. McCartney argued Allied should be allowed to continue to prosecute the Ohio claims and that it was in the best interests of the bankruptcy estate and its creditors to allow Allied to continue to prosecute Nautica in Ohio. In this context Mr. McCartney specifically asked Trustee Zubrod to not exercise her avoidance powers under the bankruptcy code.

21.    Mr. Hayden Fisher is counsel for Allied in Ohio and is prosecuting the business tort claims against Nautica.    In October of 2018 Mr. Fisher had a teleconference with Trustee Zubrod where he explained the purpose of the Assignment Agreement, the fact the bankruptcy estate stood to gain not less than $10,000 pursuant to the Assignment Agreement as well as the status of the Ohio litigation.

22.    At the request of Trustee Zubrod, on October 15, 2018 Blue Star filed an Amended Statement of Financial Affairs which moved the $10,000.00 accounts receivable to a transfer column.

23.    On December 19, 2018 Trustee Zubrod accepted the offer to purchase the Assignment Agreement subject to court approval. Trustee Zubrod asked if she could notify opposing counsel of the pending sale. Nautica asked Trustee Zubrod to conceal the sale from the other parties until pleadings were filed seeking approval from the court. Trustee Zubrod agreed to keep the proposed sale secret.

24.     On January 3, 2019 Allied, by and through its counsel Patrick Milligan, mailed a $10,000.00 check to Trustee Zubrod.   The cover letter specifically stated that the "funds are due Blue Star Productions, LLC pursuant to the Assignment for Value of Limited Liability Company Claims."   Mr. Milligan noted that the Assignment Agreement was an attachment to the amended Statement of Financial Affairs dated October 15, 2018.

25.     On February 7, 2019 Trustee Zubrod asked counsel for Nautica who would be objecting to the Asset Purchase and Assignment Agreement and what those objections would be. Counsel for Nautica responded that there would be two arguments: 1) Nautica was trying to purchase its own litigation claims and therefore was not acting in good faith; 2), the value of the Assignment Agreement was more than Nautica paid for it.

26.     On February 27, 2019 Mr. Milligan inquired into why the $10,000.00 check had not been redeemed by Trustee Zubrod.   Mr. Milligan explained to Trustee Zubrod the $10,000.00 was paid pursuant to settlement under the Assignment Agreement.

27.     Trustee Zubrod replied "I don't know anything about this agreement or how the estate is entitled to this.   Was this listed in the petition?" Mr. McCartney again explained the Assignment Agreement to Trustee Zubrod and the $10,000.00 payment.

28.     On March 4, 2019 attorney Hayden Fisher, counsel for Allied in Ohio, sent an email to Trustee Zubrod again explaining the $10,000.00 was sent to her pursuant to the Assignment Agreement.   Mr. Fisher specifically referenced the prior teleconference with Trustee Zubrod regarding the same topic in the Fall of 2018.

29.     On March 5, 2019 Nautica began communications with Shaia Parking and their counsel Mr. Brad Hunsicker regarding the possibility of Nautica also purchasing Shaia's creditor's claim in the bankruptcy.

30.     On March 14, 2019 Allied, by and through its counsel Patrick J. Milligan, mailed a second $10,000.00 check to the Trustee Zubrod.    The cover letter again specifically stated that the "funds are due Blue Star Productions, LLC pursuant to the Assignment for Value of Limited Liability Company Claims."    Mr. Milligan noted that the Assignment Agreement was an attachment to the amended Statement of Financial Affairs dated October 15, 2018.    Trustee Zubrod then accepted the check and deposited it in her Blue Star trustees' account.

31.     On March 29, 2019 Nautica's counsel sent Trustee Zubrod correspondence stating she was in breach of contract for failing to seek court approval of the Asset Purchase and Assignment Agreement.    Nautica increased its offer to purchase the Assignment Agreement from $40,000.00 to $60,000.00.

32.     On April 5, 2019 Nautica sent a second letter to Trustee Zubrod again threatening to enforce the agreement vis-à-vis the bankruptcy court.    Trustee Zubrod did not file any pleadings seeking court approval of the Asset Purchase and Assignment Agreement.

33.     On April 11, 2019 Nautica filed its *Creditor's Motion for Approval of Sale of Asset Pursuant to Section 363 of the Bankruptcy Code* seeking approval of the sale of the Assignment Agreement to Nautica.    Nautica plead and admitted that the agreement it was seeking to enforce was different from the agreement signed by Trustee Zubrod and included "Modified Terms."

34.     Thereafter, during the month of April Blue Star bankruptcy attorney Mr. Ken McCartney provided the bankruptcy trustee with multiple emails that the Nautica creditor's claim was in fact fraudulent.

35.     On or about May 3, 2019 Nautica counsel Brent Cohen sent a draft letter to Mr. David Miller for his review and approval.    The draft letter was intended to be a letter from Mr.

Miller to Patrick J. Milligan.   The letter inquired into why the $10,000.00 was sent and an accounting of for all moneys recovered to date in the Ohio litigation.

36.    Mr. Miller made some minor revisions, and on May 3, 2019 he sent out the letter drafted by Mr. Cohen to Patrick J. Milligan and on his firm's letterhead.

37.    On May 6, 2019 Allied Debt Collection of Virginia filed a timely objection to Nautica's motion seeking court approval of the purchase of the Assignment Agreement from the bankruptcy estate.   Attached to that objection was the "interleniation" Assignment Agreement which attempted to correct the scrivener's error.

38.    On August 20, 2019 the Bankruptcy Court entered its *Order Granting Motion of Chapter 7 Trustee to Sell Certain Assets Free and Clear of Liens, Claims and Interests, and Encumbrances*. The Court specifically found that "there is a dispute regarding the proper interpretation of the Assignment Agreement between the Debtor and Allied, on the one hand, and Nautica and the Trustee, on the other hand.   The Court held "nothing in this Sale Order constitutes an interpretation of the Assignment Agreement; and all parties retain and in way waive any and all rights, claims, and defenses of any nature whatsoever that they have with respect to the property interpretation of the Assignment Agreement.   The Court further held ". . . no part of this Sale Order may be used by any party hereto, any successor of any party hereto, or any transferee or assignee of any party hereto, as a basis to argue in the future that the proper interpretation of the Assignment Agreement has already been decided by this Court."

39.    On August 22, 2019 the bankruptcy estate paid $10,000.00 to Nautica as the assignee of the Assignment Agreement.   The $10,000.00 was listed on the Trustee's Final Report as a payment of the debtor Blue Star Productions, LLC.

**(Updated Redline – September 28, 2020**

**AMENDED APPENDIX D**

**JOINT EXHIBIT LIST**

| JOINT TRIAL EXHIBIT NO. | DEPO. EX. NO. | DESCRIPTION | DOC. DATE | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY (A, B, C) | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Joint Ex. 1 | 56 | Shaia's Verified Complaint | 7/8/16 | Joint Ex. 1.pdf | | A | | |
| Joint Ex. 2 | 59 | Fisher Ltr. to T. Brooks re: Ohio Action | 8/4/16 | Joint Ex. 2.pdf | | A | | |
| Joint Ex. 3 | 24 | Fisher Demand Ltr. to Barth & MH | 8/9/16 | Joint Ex. 3.pdf | | A | | |
| Joint Ex. 4 | 57 | BS/Allied Assignment Agreement | 9/20/16 | Joint Ex 4.pdf | | A | | |
| Joint Ex. 5 | 58 | Allied's Virginia Complaint | 12/13/16 | Joint Ex. 5.pdf | | A | | |
| Joint Ex. 6 | 9 | Altered Assignment Agreement | N/A | Joint Ex 6.pdf | | A | | |
| Joint Ex. 7 | 3 | Docket from Bankruptcy Case No. | 7/27/20 | Joint Ex | | A | | |

i

12145718.1

| JOINT TRIAL EXHIBIT NO. | DEPO. EX. NO. | DESCRIPTION | DOC. DATE | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY (A, B, C) | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| | | 2:17bk20774 | | 7.pdf | | | | |

ii

| Joint Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Joint Ex. 8 | N/A | Post-depo. Ken McCartney Docs. (Credit Counseling Worksheet, Bankruptcy Notes, Tax Return, Request for More Info.) (ALL 1244-96) | 10/2/17 | Joint Ex. 8.pdf | | A | | |
| Joint Ex. 9 | N/A | BS Member Minutes (NWY_2806-08) | 10/10/17 | Joint Ex 9.pdf | | A | | |
| Joint Ex. 10 | 4 | BS Voluntary Bankruptcy Petition | 10/10/17 | Joint Ex. 10.pdf | | A | | |
| Joint Ex. 11 | 13 | Jennings' Response to McCartney Email re: Trustee Request for Additional Info. | 11/9/17 | Joint Ex. 11.pdf | | A | | |
| Joint Ex. 12 | N/A | McCartney Email Identifying Info. Requested by Trustee (ALL 401) | 11/9/17 | Joint Ex 12.pdf | | A | | |
| Joint Ex. 13 | 70 | RD Ltr. to Trustee re: | 11/10/17 | Joint Ex. | | A | | |

iii

| Joint Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| | | Pre-Petition Events | | 13.pdf | | | | |

| Joint Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Joint Ex. 14 | 14 | McCartney Email to Trustee Encl. Shaia's Complaint, Answer, and Judgment | 11/13/17 | Joint Ex. 14.pdf | | A | | |
| Joint Ex. 15 | N/A | McCartney 341 Meeting Notes | 11/15/17 | Joint Ex. 15.pdf | | A | | |
| Joint Ex. 16 | 15 | Jennings Email re: Slater Drafting Assignment Agreement | 11/15/17 | Joint Ex. 16.pdf | | A | | |
| Joint Ex. 17 | 71 | Transcript of 341 Meeting of Creditors | 11/29/17 | Joint Ex. 17.pdf | | A | | |
| Joint Ex. 18 | N/A | Asset Purchase and Assignment Agreement (NWY_3606-24) | 1/16/18 | Joint Ex. 18.pdf | | A | | |
| Joint Ex. 19 | 60 | Allied's Expert Report (Ohio Action) | 1/29/18 | Joint Ex. 19.pdf | | A | | |
| Joint Ex. 20 | 44 | Nautica's Proof of Claim (NWY_2815-19) | 3/5/18 | Joint Ex. 20.pdf | | A | | |

v

12145718.1

| Joint Ex. 21 | 72 | Hunsicker Email to Trustee w/ Memo of Claims | 5/7/18 | Joint Ex. 21.pdf | | A | | |
|---|---|---|---|---|---|---|---|---|

| JOINT TRIAL EXHIBIT NO. | DEPO. EX. NO. | DESCRIPTION | DOC. DATE | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY (A, B, C) | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Joint Ex. 22 | 73 | Jennings' Email to Trustee re: Discovery from AT&T & Host Committee | 6/10/18 | Joint Ex. 22.pdf | | A | | |
| Joint Ex. 23 | 73 | Jennings's Email to Trustee Sent During Ohio Depo. | 6/13/18 | Joint Ex. 23pdf | | A | | |
| Joint Ex. 24 | 18 | McCartney Email to Trustee re: Assignment and Jurisdiction | 7/18/18 | Joint Ex. 24.pdf | | A | | |
| Joint Ex. 25 | 74 | Trustee/Hunsicker Email String re: Fraudulent Conveyance Claim | 7/30/18 | Joint Ex. 25.pdf | | A | | |
| Joint Ex. 26 | 74 | Hunsicker Email to Trustee re: Memorandum of Claims | 8/9/18 | Joint Ex. 26.pdf | | A | | |
| Joint Ex. 27 | 19 | Trustee Email Requesting Allied Lawsuit | 8/10/18 | Joint Ex. 27.pdf | | A | | |

vii

| JOINT TRIAL EXHIBIT NO. | DEPO. EX. NO. | DESCRIPTION | DOC. DATE | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY (A, B, C) | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Joint Ex. 28 | 20 | Jennings' Email to Trustee re: Ohio Action Discovery/Assignment Agreement | 8/28/18 | Joint Ex. 28.pdf | | A | | |
| Joint Ex. 29 | 76 | Trustee Email Requesting ESI Order | 9/6/18 | Joint Ex. 29.pdf | | A | | |
| Joint Ex. 30 | 77 | Trustee Email to McCartney re: Contents of BS Petition | 9/19/18 | Joint Ex. 30.pdf | | A | | |
| Joint Ex. 31 | N/A | Zubrod/McCartney Emails re: Real Party in Interest and "Upfront Consideration" (ALL 402-405) | 10/9/18 | Joint Ex. 31.pdf | | A | | |
| Joint Ex. 32 | 21 | Jennings' Email to Fisher and Milligan re: BS's Consideration | 10/9/18 | Joint Ex. 32.pdf | | A | | |
| Joint Ex. 33 | 22 | McCartney Email: | 10/9/18 | Joint Ex. | | A | | |

| Joint Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| | | "Looking for an Out" | | 33.pdf | | | | |
| Joint Ex. 34 | 5 | BS's Amended Statement of Financial Affairs | 10/15/18 | Joint Ex. 34.pdf | | A | | |
| Joint Ex. 35 | 23, 25 | McCartney Email to Trustee re: Livingston Settlement and Enclosing Amended SOFA, Assignment Agreement, and Ohio Compl. | 10/15/18 | Joint Ex. 35.pdf | | A | | |
| Joint Ex. 36 | 26 | McCartney/Hunsicker Emails re: "The Claim Was Not Listed" | 10/16/18 | Joint Ex. 36.pdf | | A | | |
| Joint Ex. 37 | 27 | McCartney Email re: "Threatening a Bolt" | 11/1/18 | Joint Ex. 37.pdf | | A | | |
| Joint Ex. 38 | 79 | RD/Cohen Emails re: Acquiring Claims | 11/12/18 | Joint Ex. 38.pdf | | A | | |
| Joint Ex. 39 | 61 | Allied-Livingston Release | 11/15/18 | Joint Ex. 39.pdf | | A | | |

ix

| Joint Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Joint Ex. 40 | 79 | Cohen Initial Email to Trustee re: Offer | 12/17/18 | Joint Ex. 40.pdf | | A | | |
| Joint Ex. 41 | 79 | Trustee/Cohen Emails re: Offer | 12/18/18 – 12/19/18 | Joint Ex. 41.pdf | | A | | |
| Joint Ex. 42 | N/A | Trustee's Response to Cohen (NWY_3294-97) | 12/19/18 | Joint Ex. 42.pdf | | A | | |
| Joint Ex. 43 | 79 | Cohen Email to Trustee re: Controversy | 12/27/18 | Joint Ex. 43.pdf | | A | | |
| Joint Ex. 44 | 63 | Milligan Ltr. to Trustee | 1/3/19 | Joint Ex. 44.pdf | | A | | |
| Joint Ex. 45 | 80 | Cohen Email to Trustee Encl. Sale Motion and Proposed Order | 1/3/19 | Joint Ex. 45.pdf | | A | | |
| Joint Ex. 46 | 80 | Cohen Email to Trustee re: Sale Motion | 1/9/19 | Joint Ex. 46.pdf | | A | | |

x

| Joint Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Joint Ex. 47 | 80 | Trustee Emails to Cohen re: Sale Motion | 1/11/19 | Joint Ex. 47.pdf | | A | | |
| Joint Ex. 48 | 80 | Cohen Email to Trustee re: Purchase Agreement | 1/17/19 | Joint Ex. 48.pdf | | A | | |
| Joint Ex. 49 | 81 | Cohen/Trustee Emails re: Opp. to Sale Motion | 2/7/19 | Joint Ex. 49.pdf | | A | | |
| Joint Ex. 50 | 81 | Cohen Email re: Opp. to Sale Motion | 2/12/19 | Joint Ex. 50.pdf | | A | | |
| Joint Ex. 51 | N/A | Email from McCartney to Trustee re: Check for Painting (ALL 414-415) | 2/27/19 | Joint Ex. 51.pdf | | A | | |
| Joint Ex. 52 | 28 | McCartney Email String to Trustee re: Assignment | 3/2/19 | Joint Ex. 52.pdf | | A | | |
| Joint Ex. 53 | 29 | McCartney Email to Trustee re: Contents | 3/4/19 | Joint Ex. 53.pdf | | A | | |

| Joint Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| | | of Petition | | | | | | |
| Joint Ex. 54 | 82 | Email Strings re: BS Petition (ALL422-426) | 3/4/19 | Joint Ex. 54.pdf | | A | | |
| Joint Ex. 55 | N/A | McCartney Email to Trustee re: Copy of Check (ALL 427-35) | 3/4/19 | Joint Ex. 54.pdf | | A | | |
| Joint Ex. 56 | 82 | Fisher Intro Email to Trustee (Trustee 74-75) | 3/4/19 | Joint Ex. 56.pdf | | A | | |
| Joint Ex. 57 | 83 | Milligan Ltr. to Trustee Encl. Payment | 3/14/19 | Joint Ex. 57.pdf | | A | | |
| Joint Ex. 58 | 84 | Cohen Ltr. to Trustee (NWY_1530-32) | 3/29/19 | Joint Ex. 58.pdf | | A | | |
| Joint Ex. 59 | 84 | Cohen Follow-Up Ltr. to Trustee (ALL 972) | 4/5/19 | Joint Ex. 59.pdf | | A | | |

| JOINT TRIAL EXHIBIT NO. | DEPO. EX. NO. | DESCRIPTION | DOC. DATE | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY (A, B, C) | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Joint Ex. 60 | 84 | Trustee's Response to Cohen Ltr. (TRUSTEE 154) | 4/5/19 | Joint Ex. 60.pdf | | A | | |
| Joint Ex. 61 | 30 | Jennings' Email Giving Notice of Intent to Oppose POC | 4/16/19 | Joint Ex. 61.pdf | | A | | |
| Joint Ex. 62 | 31 | McCartney Email Giving Notice of Intent to Contest Assignment and POC | 4/16/19 | Joint Ex. 62.pdf | | A | | |
| Joint Ex. 63 | 6 | BS's Amended Objection to Proof of Claim | 4/18/19 | Joint Ex. 63.pdf | | A | | |
| Joint Ex. 64 | 32 | McCartney Email to Trustee Enclosing Invoices (w/ Invoices) | 4/19/19 | Joint Ex. 64.pdf | | A | | |
| Joint Ex. 65 | 33 | McCartney Email to Trustee Encl. LN Docs | 4/19/19 | Joint Ex. 65.pdf | | A | | |

| Joint Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Joint Ex. 66 | N/A | Joinder to Sale Motion (NWY_3156–162) | 4/24/19 | Joint Ex. 66.pdf | | A | | |
| Joint Ex. 67 | 34 | McCartney Email to Trustee Encl. Depo. & Hearing Transcripts | 4/26/19 | Joint Ex. 67.pdf | | A | | |
| Joint Ex. 68 | N/A | Jennings Email re: Contacting DOJ (NWY_3167) | 4/28/19 | Joint Ex. 68.pdf | | B | | |
| Joint Ex. 69 | 8 | Miller Ltr. to Milligan | 5/3/19 | Joint Ex. 69.pdf | | A | | |
| Joint Ex. 70 | 86 | Emails b/t Miller, RD, Cohen, & Pearlman | 5/3/19 | Joint Ex. 70.pdf | | A | | |
| Joint Ex. 71 | 75 | Jennings Email: "Raised No Issue" | 5/4/19 | Joint Ex. 71.pdf | | A | | |
| Joint Ex. 72 | 7 | Allied's Objection to Sale Motion | 5/6/19 | Joint Ex. 72.pdf | | A | | |
| Joint Ex. 73 | N/A | Trustee's Response to | 5/6/19 | Joint Ex. | | A | | |

| Joint Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| | | Sale Motion (NWY_2167-70) | | 73.pdf | | | | |
| Joint Ex. 74 | 87 | Emails b/t Hunsicker, Cohen, Miller, Pearlman re: Objection & $10,000 Payment | 5/6/19 - 5/7/19 | Joint Ex. 74.pdf | | A | | |
| Joint Ex. 75 | 12 | Order Granting Motion to Disqualify | 6/11/19 | Joint Ex. 75.pdf | | A | | |
| Joint Ex. 76 | N/A | Miller Email re: Acquisition of Assignment (NWY_945-51) | 8/6/19 | Joint Ex. 76.pdf | | A | | |
| Joint Ex. 77 | 11 | Order Granting Motion of Trustee to Sell Certain Assets | 8/20/19 | Joint Ex. 77.pdf | | A | | |
| Joint Ex. 78 | 89 | Miller Ltr. to Levasseur Enl. Check | 8/22/19 | Joint Ex. 78.pdf | | A | | |
| Joint Ex. 79 | 90 | Trustee's Final Report & Report of Sale | 6/4/20 | Joint Ex. 79.pdf | | A | | |

| Joint Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid.) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Joint Ex. 80 | 2 | McCartney's Original Subpoena Production | 6/17/20 | Joint Ex. 80.pdf | | A | | |
| Joint Ex. 81 | N/A | BS 2015 Tax Returns (ALL 1264-75; NWY_2901-12) | N/A | Joint Ex. 81.pdf | | A | | |
| Joint Ex. 82 | N/A | BS 2016 Tax Returns (NWY_2177-92 ALL 1276-86) | N/A | Joint Ex. 82.pdf | | A | | |
| Joint Ex. 83 | N/A | BS 2016 Misc. Income (NWY_2041-57) | N/A | Joint Ex. 83.pdf | | B | | |
| Joint Ex. 84 | N/A | BS Deposit Detail (NWY_2058-64) | 11/22/16 | Joint Ex. 84.pdf | | B | | |
| Joint Ex. 85 | N/A | BS 2017 Misc. Income (NWY_1992-93) | N/A | Joint Ex. 85.pdf | | B | | |
| Joint Ex. 86 | N/A | BS Account Summary | N/A | Joint Ex. 86.pdf | | B | | |

| Joint Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| | | (NWY_2130-31) | | | | | | |
| Joint Ex. 87 | N/A | BS Balance Sheets (NWY_2944-55) | N/A | Joint Ex. 87.pdf | | B | | |
| Joint Ex. 88 | N/A | JAM Wells Fargo Account (NWY_2000) | N/A | Joint Ex. 88.pdf | | B | | |
| Joint Ex. 89 | N/A | JAM Account Summary (NWY_2163- 65, NWY_2835-40, NWY_1931-33, NWY_2065-67, NWY_2171-72) | N/A | Joint Ex. 89.pdf | | B | | |
| Joint Ex. 90 | N/A | Jennings 2016 Partnership Form NWY_2938-40 | 9/8/17 | Joint Ex. 90.pdf | | B | | |
| Joint Ex. 91 | N/A | Zarrelli 2016 Partnership Form (NWY_2941-43) | 9/8/17 | Joint Ex. 91.pdf | | B | | |
| Joint Ex. 92 | N/A | BS P&L | 9/13/17 | Joint Ex. | | B | | |

xvii

| Joint Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| | | (NWY_1994-99) | | 92.pdf | | | | |
| Joint Ex. 93 | 55 | Allied 30(b)(6) Depo Notice | 7/9/20 | Joint Ex. 93.pdf | | A | | |
| Joint Ex. 94 | N/A | Lost Highway Touring Contract | 4/11/16 | Joint Ex. 94.pdf | | A | | |

xviii

## PLAINTIFF'S EXHIBIT LIST

| PLAINTIFF'S TRIAL EXHIBIT NO. | DEPO. EX. NO. | DESCRIPTION | DOC. DATE | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY (A, B, C) | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Plaintiff's Ex. 1 | N/A | Depo. Transcript (Jennings, Ohio Action) | 6/13/18 | Pl. Ex. 1.pdf | | C | | |
| Plaintiff's Ex. 2 | N/A | Depo Transcript (Zarrelli, Ohio Action) | 8/22/18 | Pl. Ex. 2.pdf | | C | | |
| Plaintiff's Ex. 3 | N/A | Affidavit of Milligan | 3/26/20 | Pl. Ex. 3.pdf | | C | | |
| Plaintiff's Ex. 4 | N/A | Declaration of Zarrelli | 4/16/20 | Pl. Ex. 4.pdf | | C | | |
| Plaintiff's Ex. 5 | 62 | Affidavit of Jennings (and Exhibits thereto) | 4/17/20 | Pl. Ex. 5.pdf | | C | | |
| Plaintiff's Ex. 6 | N/A | Allied's Response to RFAs (19-CV-174) | 3/18/20 | Pl. Ex. 6.pdf | | C | | |
| Plaintiff's Ex. 7 | 36 | Allied's Answers to RROG (19-CV-174) | 4/1/20 | Pl. Ex. 7.pdf | | C | | |
| Plaintiff's Ex. | N/A | Allied's Answers to | 4/3/20 | Pl. Ex. 8.pdf | | C | | |

| Plaintiff's Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Categor y (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| 8 | | RFPD (19-cv-174) | | | | | | |
| Plaintiff's Ex. 9 | N/A | Allied's Response to RFA (2:20-cv-24) | 4/30/20 | Pl. Ex. 9.pdf | | C | | |
| Plaintiff's Ex. 10 | N/A | Jennings's Response to RFA (2:20-cv-24) | 4/30/20 | Pl. Ex. 10.pdf | | C | | |
| Plaintiff's Ex. 11 | N/A | Zarrelli's Response to RFA (2:20-cv-24) | 4/30/20 | Pl. Ex. 11.pdf | | C | | |
| Plaintiff's Ex. 12 | N/A | Jennings's Answer to RROG (2:20-cv-24) | 5/18/20 | Pl. Ex. 12.pdf | | C | | |
| Plaintiff's Ex. 13 | 10 | Allied's Answers to RROG (2:20-cv-24) | 5/18/20 | Pl. Ex. 13.pdf | | C | | |
| Plaintiff's Ex. 14 | N/A | Zarrelli's Answer to RROG (2:20-cv-24) | 5/18/20 | Pl. Ex. 14.pdf | | C | | |
| Plaintiff's Ex. 15 | N/A | Allied's Answer to RFPD (2:20-cv-24) | 6/1/20 | Pl. Ex. 15.pdf | | C | | |
| Plaintiff's Ex. 16 | N/A | Zarrelli's Answer to RFPD (2:20-cv-24) | 6/5/20 | Pl. Ex. 16.pdf | | C | | |
| Plaintiff's Ex. 17 | N/A | Jennings's Answer to RFPD (2:20-cv-24) | 6/5/20 | Pl. Ex. 17.pdf | | C | | |

| PLAINTIFF'S TRIAL EXHIBIT NO. | DEPO. EX. NO. | DESCRIPTION | DOC. DATE | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY (A, B, C) | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Plaintiff's Ex. 18 | N/A | Defendants' Supplement to RFA (2:20-cv-24) | 7/27/20 | Pl. Ex. 18.pdf | | C | | |
| Plaintiff's Ex. 19 | N/A | Defendants' Supplement to RFPD (2:20-cv-24) | 7/27/20 | Pl. Ex. 19.pdf | | C | | |

**DEFENDANTS' EXHIBIT LIST**

| DEFENDANTS' TRIAL EXHIBIT NO. | DEPO. EX. NO. | DESCRIPTION | DOC. DATE | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY (A, B, C) | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Defendants' Ex. A | 45 | Contract b/t Nautica and CFAC | 8/7/15 | Def. Ex. A.pdf | | B | | |
| Defendants' Ex. B | N/A | Contract b/t Blue Star and CFAC | 7/6/17 | Def. Ex. B.pdf | | B | | |
| Defendants' Ex. C | 39, 47, 48, 49 | MH/Jennings email re: payment | 7/26/16 | Def. Ex. C.pdf | | B | | |
| Defendants' | N/A | Talerico email re: | 7/13/16 | Def. Ex. | | B | | |

| Defendants' Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Categor y (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Ex. D | | catering and menu (ALL 1315-19) | | D.pdf | | | | |
| Defendants' Ex. E | 40-43, 50 | Talerico & Nautica invoices, Nautica production spreadsheet | N/A | Def. Ex. E.pdf | | B | | |
| Defendants' Ex. F | 35 | Jennings email to Barth | 8/24/16 | Def. Ex. F.pdf | | B | | |
| Defendants' Ex. G | 13 | Jennings email providing all financials | 11/9/17 | Def. Ex. G.pdf | | A | | |

| Defendants' Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Defendants' Ex. H | N/A | Hunsicker Ltr. to Zubrod re: fraudulent conveyance (ALL 622-34) | 7/24/18 | Def. Ex. H.pdf | | B | | |
| Defendants' Ex. I | N/A | Zubrod email to Hunsicker re: attorneys representing estate and value of claims (ALL 903, TRUSTEE 156) | 8/13/18 | Def. Ex. I.pdf | | A | | |
| Defendants' Ex. J | N/A | Hunsicker/Cohen email chain re: purchase of Assignment (ALL 909-10, 926) | 3/5 – 5/19 | Def. Ex. J.pdf | | A | | |
| Defendants' Ex. K | N/A | Hunsicker/Cohen email chain re: Shaia support of sale of Assignment to Nautica (ALL 949, 952, 955-57, 960, 967) | 3/20/19 – 30/29/19 | Def. Ex. K.pdf | | B | | |

12145718.1

| Defendants' Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Defendants' Ex. L | N/A | Hunsicker email to Daniel Morse re: Trustee inaction (ALL 974) | 4/17/19 | Def. Ex. L.pdf | | A | | |
| Defendants' Ex. M | N/A | Hunsicker email to Cohen re: fraudulent transfer memo to Trustee (ALL 990) | 4/25/19 | Def. Ex. M.pdf | | A | | |
| Defendants' Ex. N | 88 | Hunsicker email to all parties re: sale of Shaia creditor's claim | 7/22/19 | Def. Ex. N.pdf | | B | | |
| Defendants' Ex. O | 88 | Email chains b/t Hunsicker and Nautica re: sale of creditor's claim | 7/24 – 8/26/19 | Def. Ex. O.pdf | | B | | |
| Defendants' Ex. P | N/A | Email chains b/t Nautica & Trustee re: strategy to convince court to approve sale and post-sale strategy (NWY 447-57, 480-85, 593, 619-20, | 7/9-8/19 | Defs.' Ex. P.pdf | | B | | |

| DEFENDANTS' TRIAL EXHIBIT NO. | DEPO. EX. NO. | DESCRIPTION | DOC. DATE | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY (A, B, C) | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| | | 1856, 1906, 1923, 505; TRUSTEE 104) | | | | | | |
| Defendants' Ex. Q | N/A | Trustee/Nautica email exchange re: objection to Trustee Final Report (TRUSTEE 94-96, 89-90) | 7/1-23/20 | Defs.' Ex. Q.pdf | | B | | |
| Defendants' Ex. R | N/A | Imhoff affidavit (ALL 1297-1314) | 8/20/20 | Defs.' Ex. R.pdf | | C | | |
| Defendants' Ex. S | 51 | Horoszko Ohio depo. transcript excerpts | N/A | Defs.' Ex. S.pdf | | C | | |
| Defendants' Ex. T | N/A | Horoszko Wyoming depo. (video & transcript) | N/A | Defs.' Ex. T.pdf | | C | | |
| Defendants' Ex. U | N/A | Horoszko Wyoming depo. exhibits | N/A | Defs.' Ex. U.pdf | | C | | |
| Defendants' Ex. V | N/A | McKinley Wyoming deposition (video & transcript) | N/A | Defs.' Ex. V.pdf | | C | | |

| Defendants' Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid.) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Defendants' Ex. W | N/A | All filed pleadings from *In re Blue Star Productions, LLC*, Chpt. 7, Case No. 17-20774 | N/A | Defs.' Ex. W.pdf | | A | | |
| Defendants' Ex. X | N/A | All filed pleadings in *Nautica v. Allied, et.al,* Case No. 19-CV-174KHR | N/A | Defs.' Ex. X.pdf | | A | | |

| Defendants' Trial Exhibit No. | Depo. Ex. No. | Description | Doc. Date | File Name | Objections (Cite Fed.R.Evid) | Category (A, B, C) | Offered | Admit/Not Admitted (A)-(NA)* |
|---|---|---|---|---|---|---|---|---|
| Defendants' Ex. Y | N/A | All answers to written discovery in Nautica v. Allied, et.al, Case No. 19-CV-174KHR | N/A | Defs.' Ex. Y.pdf | | C | | |
| Defendants' Ex. Z | N/A | Preliminary Rebuttal Expert Report of Dennis Medica (Ohio Action) | 8/2/18 | Defs.' Ex. Z.pdf | | B | | |
| Defendants' Exhibit AA | 91 | Zarrelli / Jennings / Roberts / Horoszko email chain top dated 7/27/16 | 7/271/16 | Defs.' Ex. AA.pdf | | B | | |
| Defendants' Exhibit BB | 92 | Jennings email to Horoszko | 8/24/16 | Defs.' Ex. BB.pdf | | B | | |
| Defendants' Exhibit CC | 94 | Nautica Entertainment, LLC Invoice No. RNC-58 dated 8/24/16 | 8/24/16 | Defs.' Ex. CC.pdf | | B | | |
| Defendants' Exhibit DD | 96 | Jacobs Pavilion stage crew spreadsheet | N/A | Defs.' Ex. DD.pdf | | B | | |
| Defendants' | 97 | Live Nation | 12/31/16 | Defs.' Ex. | | B | | |

| Exhibit EE | | Inovice/check/bank statements (composite exhibit) | | EE.pdf | | | | |
|---|---|---|---|---|---|---|---|---|
| Defendants' Exhibit FF | 98 | Zarrelli email to Jennings re: Talerico Catering Menu | 9/10/20 | Defs.' Ex. FF.pdf | | B | | |
| Defendants' Exhibit GG | 100 | Talerico Catering documents (composite exhibit) | N/A | Defs.' Ex. GG.pdf | | B | | |
| Defendants' Exhibit HH | 101 | Jennings email to Horoszko | 7/25/16 | Defs. Ex. HH.pdf | | B | | |

xxviii

**APPENDIX E**

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| NAUTICA ENTERTAINMENT, LLC, | ) | Case No. 2:19-cv-174-KHR |
| | ) | |
| | ) | (Consolidated Case No. 2:20-cv-24-KHR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIED DEBT COLLECTION OF | ) | |
| VIRGINIA, LLC, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF NAUTICA ENTERTAINMENT, LLC'S WITNESS LIST**

---

Pursuant to the Order on Initial Pretrial Conference [ECF No. 22], Plaintiff Nautica Entertainment, LLC ("Nautica") hereby submits the following final witness list of individuals who will or may be called to testify at trial in this case:

**I.    Nautica will call, or will have available at trial, the following witnesses:**

1.    <u>Witness</u>: Robert W. Jennings

   <u>Address</u>: 963 Apache Street, Cheyenne, WY   82011

   <u>Forum</u>: Live

   <u>Defendants do not object to this witness.</u>

   <u>Anticipated Testimony</u>:   Robert W. Jennings ("Jennings") will testify regarding the general subject matter of Nautica's claims and Allied Debt Collection of Virginia, LLC's ("Allied"), Jennings's, and Michael Zarrelli's ("Zarrelli") affirmative and/or other

12145718.1

defenses; the Blue Star Productions, LLC ("Blue Star") Bankruptcy proceedings, including all documents submitted to the Bankruptcy Court and/or Bankruptcy Trustee in connection therewith; Allied's, Blue Star's, and Jennings' communications between and/or among themselves and with the Bankruptcy Trustee; the Assignment Agreement between Allied and Blue Star (the "Assignment Agreement"), including all communications related thereto; any amounts received by Allied pursuant to the Assignment Agreement; communications with Nautica; communications with Allied, Blue Star, and/or Jennings' counsel concerning the Assignment Agreement and/or Blue Star Bankruptcy; the valuation of the claims assigned under the Assignment Agreement; the altered Assignment Agreement; Blue Star's financial status; and Allied and Jennings' responses and answers to Nautica's written discovery requests.  *See also* the transcript of Jennings's deposition taken on July 31, 2020.

2.  <u>Witness</u>: Michael Zarrelli

<u>Address</u>: 12707 Saddlebrook Place, Silver Springs, MD 20906

<u>Forum</u>: Live

<u>Defendants do not object to this witness.</u>

<u>Anticipated Testimony</u>:    Zarrelli will testify regarding general subject matter of Nautica's claims and Allied's, Jennings's and Zarrelli's affirmative and/or other defenses; the Blue Star Bankruptcy proceedings, including all documents submitted to the Bankruptcy Court and/or Bankruptcy Trustee in connection therewith; Blue Star's, Zarrelli's, and Jennings'

communications between and/or among themselves and/or with the Bankruptcy Trustee; the Assignment Agreement, including all communications related thereto; communications with Allied's, Blue Star's, Jennings's, and/or Zarrelli's counsel concerning the Assignment Agreement and/or the Blue Star Bankruptcy; the valuation of the claims assigned under the Assignment Agreement; the altered Assignment Agreement; Blue Star's financial status; and Zarrelli's responses and answers to Nautica's written discovery requests.

3.   Witness: Ken McCartney, Esq.

Address: 1401 Airport Parkway Suite 200, PO Box 1364, Cheyenne, WY 82003

Forum: Live

Defendants do not object to this witness.

Anticipated Testimony:   McCartney will testify regarding the Blue Star Bankruptcy proceedings, including all documents submitted to the Bankruptcy Court and/or the Bankruptcy Trustee in connection therewith; Allied's, Blue Star's, Jennings's and McCartney's communications with the Bankruptcy Trustee; the Assignment Agreement; communications between and or among McCartney, Jennings, and/or Zarrelli; the valuation of the claims under the Assignment Agreement; the altered Assignment Agreement; communications with any party concerning the Assignment Agreement and/or the altered Assignment Agreement; and McCartney's response to Nautica's subpoena

*duces tecum* in this action. *See also* the transcript of McCartney's deposition taken on July 29, 2020.

4.  <u>Witness</u>: Tracy L. Zubrod, Esq.

    <u>Address</u>: 219 East 18th Street, Cheyenne, WY 82001

    <u>Forum</u>: Live

    <u>Defendants do not object to this witness.</u>

    <u>Anticipated Testimony</u>:  Zubrod will testify regarding the general subject matter of Nautica's claims and Allied's, Jennings's, and Zarrelli's affirmative and/or other defenses thereto; the Blue Star Bankruptcy proceedings, including all documents submitted to the Bankruptcy Court and/or Bankruptcy Trustee in connection therewith; communications with Allied, Blue Star, Jennings and/or counsel for any of them in any way relating to the Blue Star Bankruptcy and/or Assignment Agreement; the Assignment Agreement, including any communications related thereto; any amounts received by Allied pursuant to the Assignment Agreement; any amounts submitted by Allied to the Trustee purportedly pursuant to the Assignment Agreement; the valuation of the claims under the Assignment Agreement; the altered Assignment Agreement; and the Blue Star Bankruptcy Sale Motion, Sale Objection and Sale Order. *See also* the transcript of Zubrod's deposition taken on August 27, 2020.

5.    <u>Witness</u>: Patrick McKinley

<u>Address</u>: c/o Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, Ohio 44114

<u>Forum</u>: Mr. McKinley is permitted to appear by video.

<u>Defendants do not object to this witness.</u>

<u>Anticipated Testimony</u>:  McKinley may testify regarding the general subject matter of Nautica's claims and Allied's, Jennings's, and Zarrelli's affirmative and/or other defenses thereto; the Blue Star Bankruptcy proceedings, including all documents submitted to the Bankruptcy Court and/or Bankruptcy Trustee in connection therewith; the Blue Star Bankruptcy Sale Motion, Sale Objection, and Sale Order; and Nautica's purchase of the Assignment Agreement and acquisition of the claims and rights thereunder.  *See also* the transcript of Patrick McKinley's deposition taken July 30, 2020.

**II.    Nautica may call, or may have available at trial, the following witnesses:**

6.    <u>Witness</u>: David Grunenwald

<u>Address</u>: c/o Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, Ohio 44114

<u>Forum</u>: Mr. Grunenwald is permitted to appear by video.

<u>Defendants do not object to this witness.</u>

<u>Anticipated Testimony</u>:  Grunenwald may testify regarding the general subject matter of Nautica's claims and Allied's, Jennings's, and Zarrelli's affirmative and/or other defenses thereto; the Blue Star Bankruptcy proceedings, including all documents submitted to the

Bankruptcy Court and/or Bankruptcy Trustee in connection therewith; the Blue Star Bankruptcy Sale Motion, Sale Objection, and Sale Order; and Nautica's purchase of the Assignment Agreement and acquisition of the claims and rights thereunder.

7.  <u>Witness</u>: David M. Miller, Esq.

<u>Address</u>: 1700 Lincoln Street, Suite 2000, Denver, CO 80203

<u>Forum</u>: By Deposition

<u>Defendants do not object to this witness.</u>

<u>Anticipated Testimony</u>:   Miller may testify regarding the general subject matter of Nautica's claims and Allied's, Jennings's, and Zarrelli's affirmative and/or other defenses thereto; the Blue Star Bankruptcy proceedings, including all documents submitted to the Bankruptcy Court and/or Bankruptcy Trustee in connection therewith; communications with Allied, Blue Star, Jennings and/or the counsel for any of them in any way relating to the Blue Star Bankruptcy and/or Assignment Agreement; the Assignment Agreement, including any communications related thereto; any amounts received by Allied pursuant to the Assignment Agreement; any amounts submitted by Allied to the Trustee purportedly pursuant to the Assignment Agreement; the valuation of the claims under the Assignment Agreement; the altered Assignment Agreement; the Blue Star Bankruptcy Sale Motion, Sale Objection and Sale Order; and David Miller's May 3, 2019 letter to Patrick J. Milligan.

8.    <u>Witness</u>: Patrick J. Milligan, Esq.

<u>Address</u>: 18615 Detroit Avenue, Suite 201, Lakewood, OH   44107

<u>Forum</u>: By Deposition

<u>Defendants do not object to this witness.   Defendants object to the disclosure of attorney-client communications.</u>

<u>Anticipated Testimony</u>:   Milligan may testify regarding the general subject matter of Nautica's claims and Allied's, Jennings's, and Zarrelli's affirmative and/or other defenses thereto; the Assignment Agreement, including any communications with Allied, Blue Star, Jennings, Zarrelli, and/or their respective counsel relating thereto; the altered Assignment Agreement; and the valuation of the claims assigned under the Assignment Agreement.


9.    <u>Witness</u>: D. Hayden Fisher, Esq.

<u>Address</u>: PO Box 7321, Richmond, VA 23221

<u>Forum</u>: By Deposition

<u>Defendants do not object to this witness.   Defendants object to the disclosure of attorney-client communications.</u>

<u>Anticipated Testimony</u>:   Fisher may testify regarding the general subject matter of Nautica's claims and Allied's, Jennings's, and Zarrelli's affirmative and/or other defenses thereto; the Assignment Agreement, including any communications with Allied, Blue Star, Jennings, Zarrelli, and/or their respective counsel relating thereto; the altered Assignment Agreement; and the valuation of the claims assigned under the Assignment Agreement.

***

Nautica expressly reserves the right to call any witness listed by Defendants and any witnesses required for rebuttal.

## APPENDIX F

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| NAUTICA ENTERTAINMENT, LLC, | ) | Case No. 2:20-cv-00024-KHR |
| | ) | |
| Plaintiff, | ) | (Consolidated Case No. 2:19-cv-174-KHR) |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIED DEBT COLLECTION OF | ) | |
| VIRGINIA, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

### DEFENDANTS' WITNESS LIST

---

1.    **Defendants <u>will call</u>, or will have available at the trial the following witnesses:**

Defendants do not have the burden of proof and are not required to call any witnesses. That being said, Defendants will call Mr. Robert Jennings and Mr. Mike Zarrelli for the limited purpose of explaining to the Court the circumstances surrounding the assignment of the claims against Nautica and the drafting of the Assignment Agreement. This specifically includes the hiring of attorneys for this purpose as well as the scrivener's error which occurred therein. To counsel's knowledge there is no objection to their proposed testimony.

2.    **Defendants <u>may call</u> the following witnesses:**

A.    Robert Jennings.

Mr. Jennings may be called to testify regarding Blue Star Production, LLC's participation and contractual relations involving the 2016 Republican National Convention. Mr. Jennings may be called to testify regarding his interactions with plaintiff Nautica during that time frame and their

"shake-down" of Blue Star each night before the Kid Rock and Lynyrd Skynyrd concerts.   Mr. Jennings may be called to testify regarding his knowledge of Nautica's fraudulent wristband scheme.   Mr. Jennings may be called to testify regarding the status of other creditors in the bankruptcy such as Shaia Parking and Kid Rock.   Mr. Jennings may also be called to testify that Nautica's creditor's claim is in fact fraudulent and part of Nautica's scheme to collaterally attack the Ohio litigation.

Mr. Jennings may be called to testify regarding the circumstances surrounding filing for bankruptcy.   This includes his hiring of attorney Ken McCartney, the documents and information he provided Mr. McCartney, his attendance at the initial creditor's meeting and all email interactions with the bankruptcy trustee and Mr. McCartney during the course of the bankruptcy.

B.    Michael Zarrelli.

Mr. Zarrelli may be called to testify regarding Blue Star Production, LLC's participation and contractual relations involving the 2016 Republican National Convention.   Mr. Zarrelli may be called to testify regarding his interactions with plaintiff Nautica during that time frame and their "shake-down" of Blue Star each night before the Kid Rock and Lynyrd Skynyrd concerts.   Mr. Zarrelli may be called to testify regarding his knowledge of Nautica's fraudulent wristband scheme.   Mr. Zarrelli may be called to testify regarding the status of other creditors in the bankruptcy such as Shaia Parking and Kid Rock.   Mr. Zarrelli may also be called to testify that Nautica's creditor's claim is in fact fraudulent and part of Nautica's scheme to collaterally attack the Ohio litigation.

C.    Richard Slater.

Mr. Slater may testify how he met Mr. Jennings and his professional relationship with Mr. Jennings.   Mr. Slater may be called to testify that he was the attorney who, in part, recommended the assignment of the claim and drafted the Assignment Agreement which is at issue in these proceedings.   Mr. Slater may also testify that he referred Mr. Jennings to attorney Ken McCartney.

D.    Tracy Zubrod.

Ms. Zubrod may be called to testify consistent with her deposition testimony which is incorporated by reference.

E.    Brad Hunsicker.

Mr. Hunsicker was bankruptcy counsel for creditor Shaia Parking and Weston in the Blue Star Production, LLC bankruptcy proceedings.   Mr. Hunsicker may be called to regarding his interactions with the bankruptcy trustee Zubrod during the proceedings; documents and materials he provided her; negotiations he held with Nautica regarding their attempts to purchase the Assignment Agreement and negotiations he held with all parties related to Shaia's creditor's claim.

F.    Patrick McKinley.

Mr. McKinley may be called to testify consistent with his deposition testimony which is incorporated by reference.

G.    Mary Horoszko.

Ms. Horoszko may be called to testify consistent with his deposition testimony which is incorporated by reference.   Plaintiff objects to this witness.

3

H.      Frank Imhoff.

Mr. Imhoff may be called to testify consistent with his affidavit and trial deposition testimony if taken.  Plaintiff objects to this witness.

I.      Stacy Talerico.

Ms. Talerico may be called to testify regarding catering charges her company incurred at the 2016 Republican National Convention related to the Kid Rock and Lynyrd Skynyrd concerts. Ms. Talerico may testify consistent with her trial deposition testimony if taken.  Plaintiff objects to this witness.

K.      Daniel Morse.

Mr. Morse is the United States Assistant Bankruptcy Trustee for the District of Wyoming. He may be called to testify regarding the duties of bankruptcy trustees in Wyoming, including the duty to record initial creditor's meetings.  Mr. Morse may testify that he is the custodian of records for those records and that the November 29, 2017 creditor's meeting recording for Blue Star Productions, LLC does not exist.  Mr. Morse may further testify regarding his interactions with the parties and their counsel during the Blue Star Bankruptcy proceedings.

L.      Mr. Patrick Milligan.

Mr. Milligan may be called as a witness to testify that in January and again March of 2019 he sent bankruptcy trustee Zubrod a $10,000 check with a cover letter.

M.      Mr. Hayden Fisher (updated by Defendant's *First Amended Witness List* ECF. No. 80).

Mr. Fisher may be called to testify regarding his involvement in the Ohio claims against Nautica as early as the summer of 2016. Mr. Fisher may testify as to the history of the Nautica

claims in the Virginia Court and later the Ohio Court.   Mr. Fisher may discuss the value of the Nautica claims as they have changed and progressed since 2016 and during course of discovery during the Ohio litigation.   Mr. Fisher may discuss his knowledge regarding the assignment of the Nautica claims to Allied and the filing of bankruptcy by Blue Star.   This testimony will not include any attorney/client communication.   Mr. Fisher may testify regarding a teleconference he had with the bankruptcy trustee in the Fall of 2018 where he fully explained the Assignment Agreement to the bankruptcy trustee as well as the status of the Ohio litigation and value of that litigation.   Mr. Fisher may testify as to the current status of the Ohio litigation as well as certain discovery disputes and sanctions that occurred therein.   <u>Plaintiff objects to this witness</u>.

***

The parties reserve the right to call any witness listed by the opposing party, and any witnesses required for rebuttal.   A party listing a will call witness guarantees his or her presence at trial.

5